No. 290
RUBLE v. McLOUGHLIN

Ohio Appeals, 6th Dist., Lucas County

715. LIBEL AND SLANDER—Words not actionable unless special damages alleged.

Motion to certify docketed in Supreme Court, Feb. 20, 1924, 2 Abs. 132 For resume of case see ante, this paper, page 309. Motion overruled by Supreme Court, April 22, 1924, 2 Abs. 291.

KINKEAD, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Catharine McLoughlin brought an action in the Lucas Common Pleas against Anna Ruble for slander, setting up in her petition three statements constituting it:

(1) "You are a damn old Irish bitch"; (2) "You are a dirty old Irish slut," and (3) "You are a dirty old Irish bitch." The answer was a general denial. At the opening of the trial, and before any evidence was taken, counsel for defendant moved that all evidence be excluded, and for a judgment on the pleadings, for that the words were not actionable per se, and no special damages were alleged as having occurred. The motion was overruled and exception taken. Plaintiff then presented her testimony and at its close motion was made by counsel for Ruble to direct a verdict in her favor. This was overruled. The jury returned a verdict in favor of Mrs. McLoughlin for $1,000. The Court of Appeals held:

The Common Pleas should have granted the motion of Ruble, dismissed the petition at her cost on the ground that it did not state a cause of action. This motion was renewed after the evidence but not after verdict. The judgment below was reversed and judgment in favor of McLoughlin was entered.

Attorneys—Walinski & Flowers, Toledo, for McLoughlin; M. B. McCarthy, Toledo, for Ruble.

No. 291
CAIN v. LANE
Ohio Appeals, 2nd Dist., Franklin County
No. 1144. Decided Feb. 14, 1924

755. MECHANICS' LIEN—Where the 60th day is on Sunday, lien may be filed on the day thereafter.

BY THE COURT.          Epitomized Opinion
Published Only in Ohio Law Abstract

This is a motion for a rehearing by the Columbus Consumers Supply Co. as to its lien. The last item of the lien for material is dated Nov. 23, 1921. The lien was filed Jan. 23. The court, in modifying its decision, held:

1. "Upon reconsideration our attention is called to the fact that the 60th day was on Sunday, and that the lien claimant would

therefore have the 61st day on which to consummate this lien. We think this contention is correct. Our former decision will therefore be modified so as to include the allowance of the claim of the Columbus Consumers Supply Co. as a valid lien."

Attorneys—Knapper & Wilcox, for Cain; Hamilton & Kennedy, E. D. Howard, B. F. Hughes, R. M. Lucas, Vorys, Sater, Seymour & Pease, P. E. Dempsey and E. G. Lloyd, for Lane et al.

No. 292
CITIZENS SAVINGS BANK CO v. HIGHWAY CONSTRUCTION CO.
Ohio Appeals, 2nd Dist., Franklin County
No. 1152. Decided March 27, 1924

755. MECHANICS' LIEN—A mechanics' lien can be taken for material furnished for repair and maintenance work.

KUNKLE, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

This is a controversy between the Bank and Construction Co. over a fund in the hands of the Highway Commissioner. The bank claimed, by reason of an assignment, while the Construction Co. claimed a mechanics' lien for materials furnished the contractor. The work in question consisted of repair and maintenance work as distinguished from a contract job, and the work was awarded upon an order instead of upon a public letting and formal contract with bond. In affirming the judgment, allowing the claim of the Construction Co., the Court of Appeals held:

1. "We are of opinion that under the broad terms of 8324 GC., a mechanics' lien can be taken for material furnished under contract such as the one in question "

Attorneys—H. Huntington, Columbus, for Bank Co.; C. H. Duncan, Columbus, and Johnson & Miller, Urbana, for Highway Construction Co.